# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| KELLIE D. CLARK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CV409-058 |
| | ) |
| COMMISSIONER OF INTERNAL | ) |
| REVENUE SERVICE, UNITED | ) |
| STATES GOVERNMENT, and | ) |
| UNNAMED EMPLOYEES, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Kellie D. Clark, a frequent filer in federal court, has filed her third lawsuit seeking to recover from the federal government taxes that she alleges were illegally collected from her bank account in 2006. (Doc. 1.) She appeared in two previous cases raising the same claim as a co-plaintiff: *Stephens v. United States*, No. CV407-194 (S.D. Ga. Aug. 13, 2008) (unpublished) (Clark's suit, brought with co-plaintiff Michael Stephens, for illegal collection of taxes related to a 2006 levy was dismissed for failure to state a claim under 26 U.S.C. § 7433); *Stephens v. United States*, No. CV107-1162 (D.D.C. Sept. 28, 2007) (unpublished) (same). Now she

proceeds on her own, thus invoking a different statute (26 U.S.C. § 7426(h)) to once again allege that a tax was wrongfully levied from her account. (Doc. 1.) To that end, plaintiff seeks leave to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915. (Doc. 2.)

Litigants are not entitled as of right to proceed without the prepayment of a filing fee. IFP status, rather, is a privilege which may be denied when abused. The IFP statute therefore authorizes courts to dismiss cases *sua sponte* if the action is frivolous. 28 U.S.C. § 1915(e)(2). A complaint may be dismissed as "frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where there is an affirmative defense which would defeat the claim, such as the statute of limitations, *res judicata*, or collateral estoppel. *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 640 n. 2 (11th Cir.1990). Clark's claim is legally frivolous since it is barred by the applicable statute of limitations and the doctrine of *res judicata*.

The statute of limitations applicable to § 7426 cases actually implicates this Court's jurisdiction:

> In most cases, a defense based on a statute of limitations does not implicate the court's subject matter jurisdiction. *See Pugh v. Brook ( In re Pugh )*, 158 F.3d 530, 533-34 (11th Cir.1998) (noting that "true statutes of limitations" do not constitute grants of subject matter jurisdiction, but rather "restrict the power of a court to grant certain remedies in a proceeding over which it has subject matter jurisdiction"). Suits against the United States, however, present an unusual situation. The United States is generally immune from suit; it is subject to suit only insofar as it has waived its sovereign immunity. *See United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769-70, 85 L.Ed. 1058 (1941). Consequently, if a statute authorizing suits against the United States limits the time period in which such suits may be brought, the United States retains its sovereign immunity as to any suits brought outside of that time period. *See Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 287, 103 S.Ct. 1811, 1820, 75 L.Ed.2d 840 (1983). Therefore, the court does not have subject matter jurisdiction over a suit against the United States that is barred by the statute of limitations.

*Compagnoni v. United States*, 173 F.3d 1369, 1370 n. 3 (11th Cir. 1999) (discussing 26 U.S.C. § 6532(c), the statute of limitations applicable to § 7426 actions); *see Phillips v. United States*, 260 F.3d 1316, 1317 (11th Cir. 2001) (holding that Federal Tort Claim Act statute of limitations is jurisdictional). "The statute of limitations for a wrongful levy action is nine months from the date on which the levy occurred." *Compagnoni*, 173 F.3d at 1370 n. 3 (citing 26 U.S.C.A. §§ 6532(c) and 7426(i)).

Here, Clark received notice of the levy in January 2006 (doc. 1 at 3),

3

and her account was seized on February 17, 2006. *See Stephens*, No. CV107-1162, doc. 1 at 2. But she did not file this suit until March 25, 2009, over three years later. (Doc. 1.) Clark attached to her complaint her administrative claim filed with the Internal Revenue Service on July 8, 2008. (*Id.* at 19-24.) The request for administrative review would have tolled the limitations period had it been filed within 9 months of the levy, *see* 26 U.S.C. § 6532(c)(2), but it was untimely by more than a year-and-a-half.[1] Hence, this case should be **DISMISSED** on statute of limitations grounds.

This case also should be **DISMISSED** on *res judicata* grounds because the same issues either were or could have been presented in her prior proceedings. *See Dahmer v. United States,* 2002 WL 31476912 at * 5 (W.D.Mo. Oct. 1, 2002) (unpublished) (*res judicata* barred taxpayers' repeat action for refund and unlawful collection when their allegations that the government issued a time-barred deficiency notice and fraudulently

---

[1] Clark asserts that her claim arises under subsection (h) of § 7426, which incorporates the rules of 26 U.S.C. § 7433(d). (Doc. 1 at 3.) Section 7433(d) permits suit within 2 years after the date the right of action accrues. Even assuming that § 7433's two-year statute of limitations is imported into § 7426(h) claims, however, this claim is still time-barred. The claim accrued at the time of the levy--February 2006. Clark's administrative claim was not mailed until July 2008, more than two years later, so it could not have tolled the limitations period.

4

backdated assessment were both previously litigated before the district court).

> *Res judicata* bars the filing of a claim when the following elements are present: (1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases. *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir.1999).

*Singh v. U.S. Attorney Gen.*, ___ F.3d ___, 2009 WL 604370 at *3 (11th Cir. Mar. 10, 2009). A dismissal for failure to state a claim is a judgment on the merits for *res judicata* purposes, so Clark's prior suits satisfy the first element. *N.A.A.C.P. v. Hunt*, 891 F.2d 1555, 1560 (11th Cir. 1990) (citing *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981)). As to the second and third elements, the prior Clark decisions were rendered by federal district courts which had jurisdiction to consider the claims, and the same parties or privities were involved in all three cases--all three involved Clark as a plaintiff and the United States or one of its agencies or employees as a defendant. Finally, although the claims did not all arise under the same statute, they are the same cause of action for *res judicata* purposes, as they all involved the same "nucleus of operative fact"--the

allegedly wrongful 2006 tax levy. *Singh*, ___ F.3d ___, 2009 WL 604370 at *3 ("Generally, if a case arises out of the same 'nucleus of operative fact' as a former case, the two cases are the same for *res judicata* purposes."); *Pleming v. Universal-Rundle Corp.*, 142 F.3d 1354, 1356-57 (11th Cir. 1998) ("*Res judicata* acts as a bar not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact.").

This case should be **DISMISSED** as legally frivolous. Additionally, plaintiff is advised that should she continue to consume precious public resources by again reasserting this claim, she will be subjected to sanctions as an abusive litigant.

**SO REPORTED AND RECOMMENDED** this 30th day of March, 2009.

/s/ *signature*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA